USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL BERGER,

                Petitioner,

v.

COMMISSIONER OF CORRECTIONAL SERVICES,

                Respondent.

Case No. 09-CV-8707 (KMK)(PED)

ORDER ADOPTING REPORT AND RECOMMENDATION

KENNETH M. KARAS, District Judge:

Michael Berger ("Petitioner") filed a petition for a writ of habeas corpus on October 14, 2009, pursuant to 28 U.S.C. § 2254, challenging his December 16, 2005 judgment of conviction.[1] On April 22, 2010, Respondent moved to dismiss the petition pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that the petition is time-barred and thus fails to state a claim upon which relief may be granted. The Court referred this case to Magistrate Judge Paul E. Davison, pursuant to 28 U.S.C. § 636(b). On June 10, 2010, Magistrate Judge Davison issued a Report and Recommendation ("R&R"), concluding that the Court should grant Respondent's motion to dismiss and dismiss the action with prejudice.

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[1] Petitioner was convicted, on his plea of guilty, of rape in the second degree (NY Penal Law § 130.30(1)), criminal sexual act in the second degree (NY Penal Law § 130.45(1), sexual abuse in the third degree (two counts) (NY Penal Law § 130.55), endangering the welfare of a child (NY Penal Law § 260.10), and criminal possession of a weapon (NY Penal Law § 265.01(2)). He was sentenced to, *inter alia*, ten years of sex offender probation. On April 19, 2007, Petitioner was re-sentenced, following an admitted violation of probation, to indeterminate terms of 2 to 6 years imprisonment on the felony counts. Petitioner did not appeal either judgment.

magistrate judge." 28 U.S.C. § 636(b)(1); *see also Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), parties may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition," *id.*; *see also* 28 U.S.C. § 636(b)(1), plus an additional three days when service is made pursuant to Fed. R. Civ. P. 5(b)(2)(c)-(f), *see* Fed. R. Civ. P. 6(d).

"[W]here a party does not submit an objection, a district court need only satisfy itself that there is no clear error on the face of the record." *Donahue*, 2007 WL 831816, at *1 (internal quotation marks omitted). In addition, a party's failure to object will waive that party's right to challenge the report and recommendation on appeal. *See Fed. Deposit Ins. Corp. V. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995) ("Our rule is that 'failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.'" (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989))).

Here, Petitioner has not filed objections to the R&R. Accordingly, the Court has reviewed the R&R under the clear error standard. In so doing, the Court finds no error in the R&R, clear or otherwise, and therefore adopts Magistrate Judge Davison's R&R in its entirety.

The Court finds that Magistrate Judge Davison correctly applied the statute of limitations and tolling provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") in determining that the petition is time-barred. The statute, 28 U.S.C. § 2244(d), imposes a one-year limitation period within which a state prisoner seeking review of a conviction may file for habeas relief. Of particular relevance to this case, 28 U.S.C. § 2244(d)(1)(A) provides that the limitation period runs from "the date on which the judgment became final by the conclusion of direct review

or the expiration of the time for seeking such review." Finally, the statute provides that the limitation period is tolled only during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment." 28 U.S.C. § 2244(d)(2).

Here, there are two potential starting points from which the limitation period began to run. Respondent asserts that the period ran from January 17, 2006, the day on which Petitioner's time to file a notice of appeal following his original sentencing expired. Thus, the AEDPA limitation period expired on January 17, 2007, more than two and a half years before Petitioner filed the instant petition for habeas relief. Alternatively, the limitation period may have run from May 19, 2007, the day on which Petitioner's time to file a notice of appeal following his re-sentencing on April 19, 2007 expired. Even still, this limitation period ended on April 17, 2008, again well before the instant petition was filed. Therefore, no matter which date the limitation period began to run, the petition is untimely. Additionally, as Magistrate Judge Davison notes, the fact that Petitioner filed a § 440.10 motion on October 30, 2008 is unavailing because it was filed outside of any conceivable limitation period – it neither tolled the already-expired one-year limitation period, *see Pettiford v. Graham*, No. 07-CV-11232, 2009 WL 920342, at *7 (S.D.N.Y. Apr. 3, 2009), nor reset the date on which the limitation period began to run, *see Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). (R&R 5.)

Finally, Petitioner's alternative argument that the Court should treat the Petition as a timely *coram nobis* application under the All Writs Act is misguided. That remedy is confined to federal review of federal convictions only under 28 U.S.C. § 2255. *See Finkelstein v. Spitzer*, 455

3

F.3d 131, 133 (2d Cir. 2006) (noting that federal courts "lack jurisdiction to grant [a writ of *coram nobis*] with respect to a judgment of a state court").[2]

Accordingly, it is hereby

ORDERED that the Report and Recommendation dated June 10, 2010, is ADOPTED in its entirety. It is further

ORDERED that Respondent's Motion to Dismiss the petition for a writ of habeas corpus is GRANTED. It is further

ORDERED that the petition is dismissed with prejudice. It is further

ORDERED that because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, *see* 28 U.S.C. § 2253(c)(2). It is further

ORDERED that the Clerk of the Court is respectfully directed to enter a judgment in favor of Respondent and to close this case.

SO ORDERED.

Dated:   October 19, 2010
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

[2] Though Petitioner made no such argument, the Court has also considered whether there is a basis to equitably toll the statute of limitations. *See Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004) (noting that equitable tolling is possible in habeas cases, but is to be applied in "rare and exceptional circumstances"). However, Petitioner has utterly failed to allege, let alone demonstrate, the required "extraordinary circumstances" that "prevented him from filing his petition on time," or that he used reasonable diligence during the intervening time period. *Id.* (internal quotation marks omitted).

4